**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

A.S.,

Petitioner,

v.

LUIS SOTO, in his official capacity as Director/Warden of Delaney Hall Detention Facility; ARTHUR WILSON, in his official capacity as interim Acting Field Office Director for U.S. Immigration and Customs Enforcement in Newark, New Jersey; DAVID VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; and TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

Respondents.

Civil Action No. 26-cv-8346

ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND TO FILE UNDER SEAL

THIS MATTER having come before the Court on Petitioner A.S.'s Motion for Leave to Proceed Under Pseudonym and to File Under Seal (ECF No. 3), and the Court having considered the Notice of Motion, the Declaration of Margaret W. Meyers, Esq. in support thereof, and the Memorandum of Law in support thereof, and for good cause shown;

**FINDINGS OF FACT**

The Court finds as follows:

Petitioner A.S. is a citizen of Senegal who lawfully entered the United States on a B2 visa in May 2023 and has been detained by U.S. Immigration and Customs Enforcement ("ICE") at Delaney Hall Detention Facility since October 21, 2025.

Petitioner filed a Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Petition)

challenging the constitutionality of his continued detention.

The accompanying exhibits A through P to the Petition contain detailed and highly sensitive information concerning petitioner's mental health history, including his hospitalization at Baton Rouge General Medical Center in April 2025 for a brief psychotic disorder, his psychiatric diagnoses, his course of treatment and medication, and concerns regarding his competency raised during removal proceedings.

The Petition and exhibits also contain confidential health information concerning petitioner's wife, H.M.S., specifically her history as a survivor of female genital mutilation (FGM) in Senegal, which forms a basis for the family's pending asylum claim.

The Petition references a non-party, Y.S., a lawful permanent resident who testified at petitioner's bond hearing regarding his willingness to sponsor petitioner and provide him housing if released, and whose identifying information, if revealed, would also likely reveal the identity of petitioner and H.M.S.

Petitioner's identity has been kept confidential throughout his prior legal proceedings. Immigration proceedings are not publicly accessible, and strict confidentiality rules apply to fear-based asylum claims under 8 C.F.R. § 208.6.

Petitioner has no criminal history, has not been the subject of public proceedings or media attention, and is a private individual.

The confidential health information is interwoven throughout the exhibits, making document-by-document redaction impracticable. Petitioner's mental health history is integral to his claims regarding the conditions and consequences of his detention, and H.M.S.'s FGM history is integral to the underlying asylum claim.

Respondents will have full access to all filings and will know Petitioner's true identity, and

thus will not be prejudiced by the sealing of records or petitioner's use of a pseudonym.

No party or nonparty is known to object to the relief sought.

## CONCLUSIONS OF LAW

### A. Proceeding Under Pseudonym

Federal Rule of Civil Procedure 10(a) requires that pleadings include the names of all parties, but courts have recognized exceptions permitting parties to proceed under pseudonyms in appropriate circumstances.

Under *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011), the Court applies a two-step test: (1) whether the petitioner alleges a reasonable fear of severe harm from litigating without a pseudonym; and (2) whether that reasonable fear of severe harm outweighs the public's interest in open litigation.

Petitioner has demonstrated a reasonable fear of severe harm because the Petition and exhibits contain intimate details of his psychiatric hospitalization, mental health diagnoses, medication, and competency proceedings, as well as his wife's history of FGM.

The *Megless* balancing factors overwhelmingly favor anonymity: (1) petitioner's identity has been kept confidential throughout prior proceedings; (2) disclosure would reveal confidential medical and mental health records entitled to heightened protection; (3) there is a strong public interest in maintaining confidentiality of health information; (4) the legal issues presented do not require public knowledge of petitioner's identity; (5) forcing public litigation would present petitioner with an untenable choice between forfeiting his habeas claims and disclosing confidential health information; and (6) there is no evidence of illegitimate ulterior motives. No factors weigh against anonymity—petitioner is a private individual, not a public figure, and respondents will know his true identity.

### B. Filing Under Seal

Under *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662, 672 (3d Cir. 2019), a court may permit sealing where (1) the material is the kind of information courts will protect, and (2) disclosure will work a clearly defined and serious injury to the party seeking closure.

Medical and mental health records are precisely the kind of information courts will protect. *United States v. Westinghouse Electric Corp.*, 638 F.2d 570, 577 (3d Cir. 1980).

Public disclosure of petitioner's psychiatric hospitalization, diagnoses, competency concerns, and his wife's FGM history would constitute a clearly defined and serious injury to petitioner and his family.

Sealing Exhibits A through P to the Petition filed in this action is narrowly tailored because confidential health information is interwoven throughout the Petition and exhibits, making redaction impracticable.

## ORDER

For the foregoing reasons, IT IS on this **21st** day of **July**, 2026, ORDERED as follows:

1. Petitioner's Motion for Leave to Proceed Under Pseudonym and to File Under Seal (ECF No. 3) is GRANTED.
2. Petitioner shall be permitted to proceed in this action under the pseudonym "A.S."
3. Petitioner's wife shall be referred to as "H.M.S." and the nonparty family friend shall be referred to as "Y.S." in all filings in this matter.
4. Exhibits A through P to the Petition shall be filed under seal.

5. All future documents filed in this action shall use the above-referenced pseudonyms and/or shall redact information that would reveal the identity of petitioner.

6. This Order shall remain in effect until further order of the Court.

**SO ORDERED.**

Dated: July 21, 2026

*/s Edward S. Kiel*

UNITED STATES DISTRICT JUDGE