**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **A.S.,**<br>**Petitioner,**<br>**v.**<br>**LUIS SOTO, et al.,**<br>**Respondents.** | **Case No. 26–cv–08346–ESK**<br><br>**OPINION** |

**KIEL, U.S.D.J.**

**THIS MATTER** is before the Court on petitioner A.S.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1). For the following reasons, I will deny the Petition.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner is a citizen of Senegal. (*Id.* ¶ 1.) He lawfully entered the United States in May 2023. (*Id.*) His visa expired on November 7, 2023. (ECF No. 14 p. 1.) Immigration and Customs Enforcement (ICE) arrested petitioner on October 21, 2025 and detained him in Delaney Hall Detention Facility. (ECF No. 1 ¶ 22.)

On January 5, 2026, petitioner had a hearing before an immigration judge. (*Id.* ¶ 25.) Petitioner's counsel conceded the removability charge. (*Id.*) A bond hearing took place on February 4, 2026 before a different immigration judge. (*Id.* ¶ 29.) The immigration judge concluded that petitioner "had not met his burden of demonstrating he was not a flight risk" and denied bond. (*Id.* ¶ 31.) Petitioner filed an appeal with the Board of Immigration Appeals (BIA) on March 2, 2026. (*Id.*) That appeal is still pending. (*Id.*)

This Petition followed on July 7, 2026. (ECF No. 1.) Petitioner asserts that his bond hearing violated his due process rights because the immigration

judge "placed the burden on A.S. to prove that he was not a flight risk—rather than requiring the government to justify his continued detention." (*Id.* ¶ 33.) (*Id.*) Alternatively, he argues that his detention has become unconstitutionally prolonged. (*Id.* ¶¶ 70, 81.) Respondents oppose the Petition. (ECF No. 14.)

## II. LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

There is no dispute that 8 U.S.C. § 1226(a) governs petitioner's detention, and respondents do not argue that I lack jurisdiction over the Petition's claims. (*See generally* ECF No. 14); *see also Jennings v. Rodriguez*, 583 U.S. 281, 295–96 (2018) (concluding that 8 U.S.C. § 1226(e) did not divest the courts of jurisdiction over claims that challenged "the extent of the Government's detention authority under the 'statutory framework' as a whole" and "the constitutionality of the entire statutory scheme under the Fifth Amendment.")

Section 1226(a) does not speak on the burden of proof in bond hearings, but the implementing regulations state that the noncitizen must demonstrate to the satisfaction of an immigration officer that they do not "pose a danger to property or persons" and that they are "likely to appear for any future

proceeding." 8 C.F.R. §236.1(c)(8). If initially denied release, a §1226(a) detainee may request a hearing before an immigration judge. *Id.* § 236.1(d)(1). The immigration judge's decision may be appealed to the BIA. *Id.* §236.1(d)(3); *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 275 (3d Cir. 2018).

### A. Due Process Challenge

Petitioner argues in his first cause of action that requiring him to bear the burden of proof at the initial bond hearing violates his due process rights. "No binding precedent permits—let alone requires—immigration courts to place the burden of proof on a detainee in a bond hearing. Section 1226(a) itself is silent as to what burden of proof applies in bond hearings and who bears the burden of proof." (ECF No. 17.) Respondents assert that *Borbot* precludes petitioner's argument, but I am persuaded by the Fourth Circuit's reasoning in *Miranda v. Garland*, 34 F.4th 338 (4th Cir. 2022) that the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976) is appropriate to evaluate petitioner's argument.

#### 1. Private Interest

The first factor to be considered is the private interest that will be affected by the official action. *Mathews*, 424 U.S. at 335. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner asserts "that where physical liberty is at stake, the Constitution requires the government to justify detention—typically by clear and convincing evidence—and prohibits requiring the individual to prove their own eligibility for release." (ECF No. 1 p. 25.)

The cases petitioner cites in support are distinguishable because they concern either the civil commitment of United States citizens or detention in

criminal proceedings. *See id.* (citing *Kansas v. Hendricks*, 521 U.S. 346, 364–65, 368 (1997); *Foucha v. Louisiana*, 504 U.S. 71, 81–83 (1992); *United States v. Salerno*, 481 U.S. 739, 750–53 (1987); *Addington v. Texas*, 441 U.S. 418, 422 (1979)); *see also Miranda*, 34 F.4th at 359 n.9. Although noncitizens are entitled to the due process protections of the Fifth Amendment during deportation proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), "[t]he Supreme Court has repeatedly recognized that '[i]n the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens.'" *Borbot*, 906 F.3d at 276 (quoting *Demore v. Kim*, 538 U.S. 510, 521 (2003) (alteration in original).) Additionally, the presumption of innocence that applies in criminal proceedings does not extend to removal proceedings.

"Due process is not a one size fits all proposition. To the contrary, 'due process is flexible and calls for such procedural protections as the particular situation demands.'" *Miranda*, 34 F.4th at 359 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). Detention pursuant to §1226(a) "is for a specified period of time—the time it takes to conduct a removal hearing." *Id.* at 361. This is different than an indefinite period of civil commitment as contemplated by the cases petitioner cites, so it follows that there would be different procedural protections in removal proceedings.

"[W]hen the Government deals with deportable [noncitizens], the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Demore*, 538 U.S. at 528. After considering the relevant Supreme Court precedent, I conclude that noncitizens have an interest in freedom from imprisonment during removal proceedings, but that interest is a lesser one than would apply in other circumstances. I weigh this factor slightly in petitioner's favor.

### 2. **The Risk of an Erroneous Deprivation**

The second *Mathews* factor requires me to consider "the risk of an erroneous deprivation through the procedures used and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. Petitioner argues that requiring him to obtain the evidence needed during a bond hearing, including criminal and immigration records, address history, length of residence, and family ties, "is extremely onerous, especially when the goal is to establish a negative, *i.e.* that they will not abscond from court." (ECF No. 1 p. 26 (citing *In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).)

Petitioner does not explain how reallocating the burden to the government would reduce the risk of an erroneous deprivation. The factors petitioner cites, *i.e.*, his criminal and immigration records, address history, length of residence, and family ties, are things that petitioner should know and do not depend on who is producing the documents. These complaints about "access to evidence and documents translated into [his] native language are separate procedural complaints from those [petitioner] advances." *Miranda*, 34 F.4th at 361. "If those procedures are problematic, they—rather than the burden of proof—should be the subject of [petitioner's] challenge." *Id.* "Even if the government bears the burden of proof, that change would not alleviate" petitioner's concerns about indigence, language and cultural barriers, limited education, and mental health issues. *Id.*; *see also* (ECF No. 1 p. 26.)

Petitioner also asserts that the immigration judge "denied bond based on A.S.'s purportedly limited ties to the United States. But this finding failed to account for the substantial equities in A.S.'s favor . … The [immigration judge's] failure to properly weigh these factors—relying solely on the length of A.S.'s presence in the United States—demonstrates precisely the kind of erroneous

deprivation that results from placing the burden on the detained person." (ECF No. 1 p. 27.)[1] This is a complaint about the weight the immigration judge gave to each piece of evidence, and shifting the burden of proof would not necessarily change this result because an immigration judge could still give greater weight to this evidence. Petitioner's argument is a challenge to the immigration judge's exercise of discretion, which I am not permitted to address pursuant to § 2241. 8 U.S.C. § 1226(e).

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Section 1226 and its implementing regulations require the government to "provide detainees with a 'prompt bond hearing.'" *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026). If a detainee objects to the result of that hearing, then he may appeal that decision to the BIA as petitioner has done. If the detainee can show that the bond hearing was fundamentally unfair, then a remedy exists via habeas corpus. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21–1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (citing *Sylvain v. Att'y Gen. of U.S.*, 714 F.3d 150, 155 (3rd Cir. 2013)); *see also Alonzo v. Francis*, No. 26–cv–01614, 2026 WL 1492819, at *2 (D.N.J. May 28, 2026) (finding bond hearing violated due process). A § 1226(a) detainee may also request another bond hearing upon a showing of changed circumstances, 8 C.F.R. § 1003.19(e), or bring a habeas corpus petition arguing their detention has become unreasonably prolonged. These procedures give detainees several chances to be heard and contest their detention. Therefore, I conclude the second factor weighs against shifting the burden of proof.

[1] Petitioner did not submit a transcript of the bond hearing despite submitting transcripts of other immigration court proceedings. (*See generally* ECF No. 2–8.)

### 3. <u>The Government's Interest</u>

The final *Mathews* factor for my consideration is "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

"Enforcement of our immigration law serves both a domestic law enforcement and foreign relations function." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022). "[] Congress has repeatedly shown that it considers immigration enforcement—even against otherwise non-criminal [noncitizens]—to be a vital public interest, so vital that it has tried to cabin judicial review of immigration enforcement." *Miranda*, 34 F.4th at 364. "The government has an obvious interest in protecting the public from dangerous criminal noncitizens. Through detention, the government likewise seeks to increase the chance that, if ordered removed, the noncitizens will be successfully removed." *Rodriguez Diaz*, 53 F.4th at 1208 (cleaned up); *see also Demore v. Kim*, 538 U.S. 510, 519 (2003) (citing evidence that "[d]etention is the key to effective deportation") (internal quotation marks omitted)); *Pascual v. Dedos*, No. 26–cv–01621, 2026 WL 2149749, at *13 (D.N.M. July 27, 2026) ("[T]he Government has a strong interest in preventing [noncitizens] from remaining in the United States unlawfully and control over immigration is a sovereign prerogative.") "These are interests of the highest order that only increase with the passage of time." *Rodriguez Diaz*, 53 F.4th at 1208.

Shifting the burden of proof would increase the fiscal and administrative costs associated with detention proceedings. The government's immigration attorneys would need to spend an incalculable amount of time and resources tracking down immigration and criminal records, familial records, address history, etc., for thousands of detainees across the country. On the other hand, the detainee only has to produce their own information, which as discussed

*supra*, is information that the detainee should know. Therefore, I conclude the third factor weighs strongly against shifting the burden of proof.

#### 4. <u>Balance of Factors</u>

I conclude that the *Mathews* factors on balance weigh against requiring the government to bear the burden of proof at an initial bond hearing conducted pursuant to §1226(a).[2] Therefore, I will deny petitioner's first cause of action.

### B. <u>Statutory Claims</u>

Petitioner further argues that requiring him to bear the burden of proof at the initial bond hearing violates the text of §1226(a) and the Administrative Procedure Act (APA). (ECF No. 1 pp. 35, 36.)

The APA defines the scope of the courts' ability to review actions by agencies such as the Department of Homeland Security (Department), and authorizes a court to "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §706(2)(A). "The APA, in short, incorporates the traditional understanding of the judicial function, under which courts must exercise independent judgment in determining the meaning of statutory provisions." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024). The "best reading of a statute" may "delegate[] discretionary authority to an agency … ." *Id.* at 395.

"It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *City & Cnty. of San Francisco, California v. Env't Prot. Agency*, 604 U.S. 334, 350 (2025) (cleaned up). Section 1226 states that a

---

[2] I acknowledge that the First Circuit reached the opposite conclusion in *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021), but I am persuaded by the Fourth Circuit's reasoning in *Miranda*.

noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. §1226(a). The statute further provides that unless certain conditions are present, the Department may continue to detain the noncitizen or release them on bond or conditional parole. *Id.* §§1226(a), (c). The Department "at any time may revoke a bond or parole authorized under" §1226(a) and rearrest and detain the noncitizen. *Id.* §1226(b). A court's ability to review these detention decisions is restricted. *Id.* §1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any [noncitizen] or the revocation or denial of bond or parole.")

Section 1226 is not ambiguous; detention pursuant to this statute is within the discretion of the Department unless the noncitizen is subject to the criminal offenses listed in §1226(c), in which case their initial detention is mandatory.[3] The Department has chosen to exercise that discretion by requiring detainees to prove that they are not a flight risk or a danger to the community before granting bond or parole to them. The Department's exercise of discretion does not violate the parameters Congress set forth in the statutory text, nor does it violate Due Process Clause for the reasons discussed *supra*. Therefore, I conclude that the Department has acted within its statutory authority. Petitioner's statutory claims will be denied.

### C. Prolonged Detention

Alternatively, Petitioner argues that even if his initial bond hearing was constitutional, his detention has become unconstitutionally prolonged and that

[3] Although §1226(c) requires initial detention for noncitizens with certain criminal charges, a noncitizen is entitled to a bond hearing with the burden of proof on the government if their detention becomes prolonged. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 214 (3d Cir. 2020).

he is entitled to a new bond hearing where the government bears the burden of proof. (ECF No. 1 pp. 36, 37.)

Petitioner has been detained for approximately ten months, but duration alone cannot "sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277 (3d Cir. 2018). Petitioner relies on *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020), (ECF No. 1 pp. 29, 30, 31), but that case considered prolonged detention of noncitizens detained pursuant to § 1226(c). "Unlike § 1226(c) detainees ... who were detained for prolonged periods without being given any opportunity to apply for release on bond, [petitioner] was granted meaningful process prior to filing his habeas petition." *Borbot*, 906 F.3d at 279–80.

"The Third Circuit recognized the concern that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged and may warrant relief beyond the bond hearing provided by the statute and its implementing regulations." *Chinoso Onuwa v. Field Office Director*, No. 26–cv–02403, 2026 WL 772435, at *2 (D.N.J. Mar. 19, 2026) (cleaned up) (citing *Borbot*, 906 F.3d at 280). However, it declined to decide what those circumstances may be. *Id.*

"Here, [p]etitioner has been detained for significantly less time than the petitioner in *Borbot*, who had been detained for two years before filing his petition. He also had a bond hearing a few months ago. Petitioner's 'relatively brief detention since that date without a bond hearing does not violate his due process rights.'" *Guillen v. Soto*, No. 26–cv–03285, 2026 WL 1005326, at *3 (D.N.J. Apr. 14, 2026) (quoting *Viantsko v. Lowe*, No. 4:26–cv–00563, 2026 WL 963038, at *4 (M.D. Pa. Apr. 9, 2026)). Moreover, petitioner's BIA appeal is still pending, and he may request a custody redetermination from

the immigration courts upon a showing of changed circumstances. 8 C.F.R. §1003.19(e). I will deny petitioner's prolonged detention claims.

## IV. CONCLUSION

For the reasons stated above, I will deny the Petition. An appropriate Order accompanies this Opinion.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: September 8, 2026